# EXHIBIT 2
# PLAINTIFF'S PETITION



**IN THE DISTRICT COURT OF CANADIAN COUNTY**
**STATE OF OKLAHOMA**

FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

DEC - 3 2020

BY_____
DEPUTY

| | |
|---|---|
| PETER BAILEY, and TAMARA BAILEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CJ 2020 591 |
| FRANKLIN CORPORATION, | ) ) |
| Defendant. | ) ) |

PAUL HESSE

### PETITION

COME NOW the Plaintiffs, Peter Bailey and Tamara Bailey, by and through their attorney, Daniel M. Delluomo, and for their cause of action over and against Defendant Franklin Corporation, allege and state as follows:

1. Plaintiffs Peter Bailey and Tamara Bailey are residents of Canadian County.

2. That Plaintiffs Peter Bailey and Tamara Bailey are, and were at the time of the incident, husband and wife.

3. That Defendant is a foreign corporation doing business in the State of Oklahoma.

4. The events necessitating the filing of this cause of action occurred in Canadian County, Oklahoma.

5. That Plaintiffs purchased a chair which was an electric recliner, designed, manufactured, and distributed by Defendant.

6. Plaintiffs allege the chair was defective in design and manufacture

7. That on or about the 26th day of February, 2019, Plaintiff Peter Bailey was sitting in the chair manufactured and distributed by Defendant. When Plaintiff began exiting the chair, the chair malfunctioned, causing Plaintiff's testicles to become trapped in the footrest portion of the chair, thereby causing severe injuries.

8. The injuries were such severity that a surgery was performed to remove Plaintiff Peter Bailey's testicle.

## COUNT I.

9. The chair was defective in design in that the reclining apparatus malfunctioned, and the chair was defective in manufacture due to possible metal fatigue or weld breakage. Defendant is liable under the doctrine of strict products liability.

10. Defendant was negligent for designing, manufacturing and selling defective product. Defendant is liable for the acts of its employees under the doctrine of Respondeat Superior.

11. Defendant owed a duty of care and breached the duty of care owed. Defendant breached the duty owed by negligently designing and manufacturing a defective chair that was unreasonably dangerous and the danger was not apparent to the ordinary user of the product. Defendant also failed to warn of the inherent dangers in using the product and failed to warn of any limitations of the product.

12. The negligence was a direct and proximate cause of Plaintiff Peter Bailey's injuries.

13. Defendant has breached the implied warranty of fitness and implied warranty of merchantability because the chair failed to meet the expectations for which it was designed. Defendant also breached the express warranty that was issued at the time of manufacture.

## COUNT II.

### Plaintiff Tamara Bailey – Loss of Consortium

**COMES NOW** the Plaintiff, Tamara Bailey and realleges and readopts each and every allegation above, as if specifically plead hereinbelow, and pleads additionally as follows:

14. As a direct and proximate result of the negligent acts and strict product liability of Defendant and Defendant's defective product, Plaintiff Peter Bailey sustained serious injuries.

15. That Plaintiff Tamara Bailey is the wife of Plaintiff Peter Bailey and has suffered losses of spousal support and consortium due to the injury sustained by her husband.

16. As a result of the injuries sustained by Plaintiff Peter Bailey, he has been unable to perform certain spousal services for Plaintiff Tamara Bailey.

17. As a result of Plaintiff Peter Bailey's injuries, Plaintiff Tamara Bailey has suffered certain damages, including emotional distress, loss of enjoyment of life, loss of spousal support and loss of consortium.

18. Defendant should be punished for its wrongful acts, gross negligence and strict product liability.

**WHEREFORE,** premises considered, Plaintiffs pray for judgment against Defendant in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and each of them, and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and each of them, together with interest thereon, reasonable attorney fees, the cost of this action and such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Daniel M. Delluomo

**DANIEL M. DELLUOMO**, OBA #11810
**STEVEN W. CROW**, OBA #15676
**DELLUOMO & CROW, PA**
6812 N. Robinson Avenue
Oklahoma City, Oklahoma 73116
(405) 843-0400
(405) 843-5005 (fax)
**ATTORNEYS FOR PLAINTIFFS**

*JURY TRIAL DEMANDED*
*ATTORNEY LIEN CLAIMED*

3