IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER BAILEY, and<br>TAMARA BAILEY,<br><br>      Plaintiff,<br><br>v.<br><br>FRANKLIN CORPORATION,<br><br>      Defendant. | Case No. CIV-21-969-PRW |

## ORDER

Before the Court is Defendant Franklin Corporation's Unopposed Motion for Leave to File Third-Party Complaint and to Strike Scheduling Order (Dkt. 23). Defendant seeks to implead non-party Leggett & Platt, Incorporated as a Third-Party Defendant. Defendant represents that Leggett & Platt, Incorporated are the designers, manufacturers, and sellers of certain piece parts used in the chair, manufactured by Defendant, that allegedly injured Plaintiffs. Defendant further argues that Leggett & Platt, Incorporated may be liable for all or part of Plaintiffs' claims against Defendant.

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[1] Where, as here, leave is required to implead the

---

[1] Fed. R. Civ. P. 14(a)(1).

nonparty, the decision to grant such leave "rests in the sound discretion of the trial court."[2] Here, the Court finds that Defendant's motion appropriately furthers the purposes of the Rule, and will not "prejudice the other parties or unduly complicate the litigation."[3]

Accordingly, the Court **GRANTS** Defendant's Motion (Dkt. 23); **STRIKES** this case from the Court's October 2023 trial docket; and **STRIKES** the Scheduling Order (Dkt. 22) and the deadlines set forth therein. Defendant shall file its Third-Party Complaint within twenty days of this Order and shall serve process on the Third-Party Defendant within ninety days of issuance of summons.

**IT IS SO ORDERED** this 10th day of July 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] *First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).

[3] 6 Charles Alan Wright et al., Federal Practice and Procedure § 1443 (3d ed. 2011); *see also id.* § 1446 (noting that "[t]he secondary or derivative liability notion is central" to Rule 14)